No. 66,032

In the Matter of MAURICE E. VORHIES, *Respondent*.

(811 P.2d 1254)

Opinion filed May 24, 1991.

*Stanton A. Hazlett*, deputy disciplinary administrator, and Bruce E. Miller, disciplinary administrator, were on the formal complaint for the petitioner.

No appearance by respondent.

*Per Curiam*: This is an original attorney discipline proceeding filed by the Office of the Disciplinary Administrator against Maurice E. Vorhies, of Wichita, Kansas.

The stipulated facts may be summarized as follows. In January of 1990 the complainant, Fred Taylor, retained respondent to represent him in a DUI case in the Hutchinson Municipal Court. Respondent received a $500 retainer. The case was tried on March 15, 1990, and complainant was adjudged guilty as charged. The presiding judge advised client and counsel that there was a 10-day time period for appeal and that a $750 appeal bond would be required.

Complainant advised respondent that he wished to pursue the appeal. Thereafter, complainant attempted to contact the respondent on numerous occasions in order to check on the appeal. Contact was not made until April 3, 1990. Complainant was advised no appeal had been taken and the time for taking it had expired. Respondent stated he would contact the judge to see what could be done. Complainant heard nothing further from respondent. (Count I.)

In fact, respondent had been suspended from the practice of law by this court on January 31, 1990, for failure to fulfill his continuing legal education requirements. Notice of this action was received in respondent's office on February 24, 1990. Respondent was thus under suspension when he represented complainant at the March 15 trial. (Count II.)

Respondent failed to cooperate with the Disciplinary Administrator in his investigation of the complaint, (Count III.)

The disciplinary panel to whom this case was assigned noted that complainant had not provided respondent with money for the appeal bond or any additional retainer for prosecuting the appeal.

The panel then concluded that respondent had violated Model Rules of Professional Conduct 1.2, 1.3, 1.4 (1990 Kan. Ct. R. Annot. 217-20), and 8.4(g) (1990 Kan. Ct. R. Annot 290), as well as Supreme Court Rule 207 (1990 Kan. Ct. R. Annot. 141).

The panel's recommendation as to appropriate discipline is as follows:

### "RECOMMENDATIONS

"The respondent informed the Panel that he does not desire to practice law at the present time. The respondent informed the Panel that the cause of his problems herein is the result of recurring depression for which he was previously treated in the early 1980's and for which he has again voluntarily participated in treatment and counseling. The Panel received and reviewed two prior complaints filed against the defendant, dated April 7, 1988, and March 16, 1989, respectively. The respondent was informally admonished as a result of both of these prior complaints.

"The Panel would recommend that the Court permit the respondent to request that he be placed on inactive status pursuant to Supreme Court Rule 208(j) [1990 Kan. Ct. R. Annot. 143], conditioned upon the respondent's compliance with the requirements for reinstatement pursuant to Supreme Court Rule 219 [1990 Kan. Ct. R. Annot. 157], before the respondent be permitted to return to active status.

"In the event the respondent fails to forthwith request that he be placed on inactive status, that then and in that event, the Panel would respectfully recommend that the respondent be suspended indefinitely."

Respondent has not requested placement on inactive status.

Under the circumstances herein, we agree with and accept the panel's recommendation of indefinite suspension.

It Is Therefore Ordered that Maurice E. Vorhies be and he is hereby indefinitely suspended from the practice of law in the State of Kansas. He shall, however, be permitted to apply for reinstatement after one year from the effective date hereof.

It Is Further Ordered that Maurice E. Vorhies comply with Supreme Court Rule No. 218 (1990 Kan. Ct. R. Annot. 155).

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of this action be assessed to the respondent.